# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

| | |
|---|---|
| SAMUEL E. BROWN, | CV 08-149-M-DWM-JCL |
| Plaintiff, | |
| vs. | ORDER, and FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| MARK JONES, individually and as the Granite County Attorney; SUZANNE BROWNING, CLIFFORD NELSON, and MAUREEN CONNOR, individually and as the Board of County Commissioners of Granite County; GRANITE COUNTY, a political subdivision of the State of Montana; and JANE DOES 1-10, | |
| Defendants. | |

_____

Pending before the Court is Defendant Mark Jones's Motion for Dismissal or Summary Judgment on Federal Claim. Jones, the County Attorney for Granite County, Montana, seeks dismissal of Plaintiff Samuel Brown's claim for relief under 42 U.S.C. § 1983 for Jones's alleged malicious prosecution of criminal proceedings against Brown in violation of Brown's rights to due process of law. The predicate of Jones's motion is his argument that no criminal prosecution was

ever commenced against Brown.  For the reasons discussed below, the Court recommends that the motion be denied.

The Court notes that subsequent to the filing of the referenced motion, Brown filed a motion for leave to file an amended complaint.  The Amended Complaint presented by Brown seeks to expand upon his § 1983 claim against Jones by alleging Jones launched his investigation of Brown "on false and fabricated evidence" in violation of Brown's right to due process.

Jones resists the motion to amend as being futile.  Jones offers the same arguments in opposition to the motion for leave to amend as he offers in support of his motion to dismiss.  Jones's opposition to the motion for leave to amend fails for the same reasons as does his motion to dismiss.  Accordingly, Brown's motion for leave to amend is granted.

## I.  BACKGROUND

The Plaintiff, Samuel Brown, is the Justice of the Peace for Granite County, Montana, and he is the City Judge for both Philipsburg and Drummond, Montana.  Mark Jones is the County Attorney for Granite County, Montana.  This action stems from Jones's investigation and attempted prosecution of Brown for certain practices Jones believed were illegal.

Jones apparently initiated a criminal investigation of Brown on January 5, 2007. On March 16, 2007, Jones filed an Affidavit and Motion for Leave to File Information in the Montana Third Judicial District Court, Granite County, *State of Montana v. Brown*, Cause No. DC-07-02.[1]  Compl., Ex. A. In his Affidavit and Motion Jones requested leave to file an information charging Brown with theft, official misconduct, and malfeasance in office. Jones alleged that Brown, in his capacity as the Granite County Justice of the Peace, routinely waived mandatory fines that were to be imposed on defendants appearing before Brown. In lieu of imposing mandatory fines, Brown would allegedly require, as part of a plea agreement, that criminal defendants agree to make "voluntary contributions" to various local non-profit organizations or agencies. The "contributions" were recorded in court records as "restitution". Jones asserted in his Affidavit that Brown's conduct operated to illegally divert mandatory fine monies from the County Treasurer to the non-profit organizations and agencies. Compl., Ex. A at 2-3. Brown filed a response in defense of Jones's application. Compl. at ¶ 19.

---

[1] By statutory law in Montana, a prosecutor is permitted to "apply directly to the district court for permission to file an information against a named defendant." Mont. Code Ann. § 46-11-201(1). If the court finds "probable cause to believe that an offense has been committed by the defendant, the judge [...] shall grant leave to file the information, otherwise the application is denied." Mont. Code Ann. § 46-11-201(1).

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 3

On March 30, 2008, the Montana Attorney General's office took over responsibility for the matter filed by Jones.  Compl., Ex. C.  On April 4, 2007, the Attorney General's office filed a reply brief in the state court action asserting that Jones's Affidavit and Motion lacked sufficient probable cause to support the offenses alleged.  Compl., Ex. D.  District Court Judge Kurt Krueger agreed, and by Order entered May 7, 2007, Judge Krueger denied Jones's Affidavit and Motion requesting leave to file an information.  Compl., Ex. E.

Brown commenced this action by filing his Complaint on October 22, 2008.  He advances several causes of action under both state and federal law.  In his first cause of action advanced under 42 U.S.C. § 1983, Brown alleges, inter alia, that Jones is liable for the malicious prosecution of criminal proceedings against Brown in violation of Brown's rights under the Fourteenth Amendment to the United States Constitution.

## II.  APPLICABLE LAW - MOTION TO DISMISS

Although Jones moves for dismissal or for summary judgment, he does not expressly rely on either Rule 12(b)(6) or Rule 56 of the Federal Rules of Civil Procedure.  Under the circumstances presented, the Court deems it appropriate to construe Jones's motion as one for dismissal under Rule 12(b)(6).

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 4

Jones's motion relies, in part, on the exhibits attached to Brown's Complaint as referenced above. Ordinarily, when considering the legal sufficiency of a complaint under Rule 12(b)(6) the court's review is limited to only the allegations of the complaint; the court may not consider any material beyond the pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Therefore, in considering a Rule 12(b)(6) motion, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). *See also Lee*, 250 F.3d at 688.

One exception to the bar against considering matters outside the pleading is if the matters are exhibits attached to the complaint. *Lee*, 250 F.3d at 688. The court may consider exhibits attached to a complaint in determining the propriety of a dismissal under Rule 12(b)(6) "without converting the motion to one for summary judgment." *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Thus, the Court will rely on the exhibits to Brown's Complaint in addressing Jones's motion for dismissal without converting the matter into a summary judgment motion.

A cause of action may be dismissed under Fed. R. Civ. P. 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails

to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). In addressing a Rule 12(b)(6) challenge the Court accepts all factual allegations in the complaint as true (*Hospital Bldg. Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740 (1976)), and construes the pleading in the light most favorable to the nonmoving party. *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint need only set forth a short and plain statement of the claim showing the pleader is entitled to relief, and it "does not need detailed factual allegations[.]" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). A plaintiff must, however, set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id*. at 1965. Allegations must indicate the pleader has a right to relief, and they must rise above the level of mere speculation. *Id*. The pleading must at least set forth factual grounds supporting a plausible basis on which liability can be imposed, or it must set forth enough facts "to raise a reasonable expectation that discovery will reveal evidence of" a basis for liability. *Id*. Even if a court believes actual proof of the facts alleged is

improbable, or that recovery is remote or unlikely, a pleading should still survive dismissal. *Id*.

Nonetheless, dismissal can be granted if there is a lack of a cognizable legal theory or if there is an absence of sufficient facts alleged under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead initially. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Additionally, the Court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## III.  DISCUSSION

### A.  Motion to Dismiss

Jones contends Brown's claim under 42 U.S.C. § 1983 that is grounded in an alleged malicious prosecution fails as a matter of law. Specifically, Jones contends that since Judge Krueger denied his request for leave to file a criminal information against Brown, no "judicial proceeding" was actually commenced - an essential prerequisite to a claim of malicious prosecution. The Court disagrees.

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 7

The Ninth Circuit Court of Appeals has held that, in certain circumstances, a claim of malicious prosecution can be advanced as an alleged violation of the First, Thirteenth, and Fourteenth Amendments of the United States Constitution, and constitutes a viable claim under 42 U.S.C. § 1983. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1070 (9th Cir. 2004). *See also Usher v. City of Los Angeles*, 828 F.2d 556, 562 (9th Cir. 1987) (recognizing claim of malicious prosecution under 42 U.S.C. § 1983). In assessing the merits of § 1983 malicious prosecution claim the federal courts utilize the elements of a claim of malicious prosecution under applicable state tort law. *Usher*, 828 F.2d at 562; *Womack v. County of Amador*, 551 F. Supp. 2d 1017, 1031 (E.D. Cal. 2008).

A cause of action for malicious prosecution in Montana requires a plaintiff to allege and prove the following six elements:

> (1) a judicial proceeding was commenced and prosecuted against the plaintiff;[2]

---

[2] The Montana Supreme Court has alternatively phrased this element to require only that "the defendant instigated, prosecuted, or continued a judicial proceeding[]" (*Judd v. Burlington Northern and Santa Fe Railway Co.*, 2008 MT 416, ¶ 15, 343 Mont. 416, 186 P.3d 214 (emphasis added)), or only that "[a] judicial proceeding commenced against the party alleging malicious prosecution[.]" *First Bank (N.A.)-Billings v. Clark*, 236 Mont. 195, 204, 771 P.2d 84, 90 (1989). It is sufficient to allege that the defendant instigated the proceedings, and the plaintiff need not further establish that the defendant "was responsible for prosecuting or continuing them." *Johnson v. Horn*, 86 Mont. 314, 317, 283 P. 427, 428 (1929).

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 8

>    (2) the defendant was responsible for instigating, prosecuting or continuing such proceeding;
>
>    (3) there was a lack of probable cause for the defendant's acts;
>
>    (4) the defendant was actuated by malice;
>
>    (5) the judicial proceeding terminated favorably for plaintiff; and
>
>    (6) the plaintiff suffered damage.

*Plouffe v. Montana Dept. of Public Health and Human Services*, 2002 MT 64, ¶ 16, 309 Mont. 184, 45 P.3d 10.

Jones's motion focuses entirely on the first element of a malicious prosecution claim requiring that a "judicial proceeding" must have been commenced and prosecuted against Brown. Jones asserts that, as a matter of law, he did not commence a "judicial proceeding" because Judge Krueger denied his Affidavit and Motion for Leave to File Information, an no information or other charging document was ever filed against Brown.

In support of his assertion that he did not commence a judicial proceeding against Brown, Jones relies on Mont. Code Ann. § 46-11-101 which provides as follows:

>    A prosecution may be commenced by:
>
>       (1) a complaint;

>    (2) an information following a preliminary examination or waiver of a preliminary examination;
>
>    (3) <u>an information after leave of court has been granted</u>; or
>
>    (4) an indictment upon a finding by a grand jury.

Mont. Code Ann. § 46-11-101 (emphasis added). Thus, Jones argues that § 46-11-101 necessarily establishes that a "judicial proceeding" cannot "commence" until the information is filed after leave to do so has been granted.

Jones's reliance on Mont. Code Ann. § 46-11-101 is misplaced because the statute only describes when a "prosecution" is "commenced", whereas liability for malicious prosecution is imposed in situations where a "judicial proceeding" is commenced. As discussed below, the commencement of a judicial proceeding is broader than the commencement of a criminal prosecution.

In general terms, a "judicial proceeding" is broadly construed to include "[a]ny court proceeding; any proceeding initiated to procure an order or decree, whether in law or in equity." *Black's Law Dictionary* (proceeding; judicial proceeding) (Bryan A. Garner ed., 8th ed., West 2004). In the context of a court's authority to hold a person in contempt relative to the procedures for compelling testimony in a criminal case, the Montana Supreme Court has described the term "judicial proceeding" to encompass "every proceeding before a competent court in

the due course of law [or] administration of justice resulting in any determination or action on the part of the court." *State v. Lambert*, 167 Mont. 406, 408 (1975) (citation omitted). It also "includes every proceeding of a judicial nature before a competent court or before a tribunal or officer clothed with judicial or quasi-judicial powers." *Id*. (citation omitted).

With respect to malicious prosecution claims under Montana law, the term "judicial proceeding" is broadly construed to include even those matters that are not commenced before a court of law. The Montana Supreme Court has noted that a "judicial proceeding" can be "civil, criminal[,] administrative or disciplinary in nature." *McGuire v. Armitage*, 184 Mont. 407, 411 (1979). Thus, the court held that a complaint filed with the Montana Board of Real Estate - the institution of a proceeding before an administrative agency - was sufficient to commence a "judicial proceeding" for purposes of supporting a claim of malicious prosecution. *Id*. 184 Mont. at 411, 412. Similarly, a complaint filed with the Montana Human Rights Commission constitutes the commencement of a "judicial proceeding". *See generally Hughes v. Lynch*, 2007 MT 177, 338 Mont. 214, 164 P.3d 913.

In view of the broad description of "judicial proceedings" given by the Montana Supreme Court, the Court finds that Jones's Affidavit and Motion for Leave to File Information which he filed in the Montana Third Judicial District

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 11

Court, Granite County, *State of Montana v. Brown*, Cause No. DC-07-02, constituted the commencement of a judicial proceeding. The matter was filed before a court of law, and was given a cause number. Jones filed the matter before a "tribunal or officer clothed with judicial" authority, for the purpose of procuring an order from the state court "in the due course of law [or] administration of justice," and resulted in a "determination or action on the part of the court."

Furthermore, Jones's Affidavit and Motion was filed as a matter of public record, thereby potentially subjecting Brown to public ridicule and damage to his reputation. An action for malicious prosecution "lies because of the disgraceful imputation put on [the plaintiff ... ], and the trouble and expense he is put to in defending himself." *Puutio v. Roman*, 76 Mont. 105, 113, 245 P. 523, 525 (1926).

### B. Motion for Leave to Amend

Brown moves for leave to amend his Complaint. With respect to motions to amend pleadings, Rule 15 of the Federal Rules of Civil Procedure provides, in relevant part, as follows: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Jones argues Brown's motion should be denied on the basis that Brown's proposed new claim advanced in his amended pleading is futile. The "futility of

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 12

an amendment alone can justify the denial of a motion [to amend a complaint].”

*Ahlmeyer v. Nevada System of Higher Education*, 555 F.3d 1051, 1055 (9th Cir. 2009).  Futility can be characterized as a failure to state a claim for relief. *Townsend v. University of Alaska*, 543 F.3d 478, 485 n.6 (9th Cir. 2008).  For the reasons discussed below, Brown's amendment is not futile.

Through his motion Brown seeks to add, inter alia, the following allegations:

> 31.  Defendant Jones, acting under color of state law, deprived plaintiff of his constitutional right of due process by initiating a criminal investigation based on false and fabricated evidence.

Pl.'s First Amend. Compl. and Demand for Jury Trial at ¶ 31 (Lodged March 31, 2009).

Jones opposes Brown's efforts to add a new legal claim stemming from his investigation of Brown.  Jones asserts that such a claim can only be viable where criminal charges are ultimately filed against a plaintiff and, therefore, Jones contends Brown's proposed claim is legally defective because Jones never filed any criminal charges against Brown.  Under the unique circumstances of this case, however, the Court disagrees that the absence of criminal charges bars Brown's claim arising from an investigation premised on false or fabricated evidence.

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 13

The Court recognizes that a claim stemming from a state actor's criminal investigation, standing alone, is not sufficient to support a federal claim under 42 U.S.C. § 1983. Liability cannot be imposed on a state actor for his or her mere direction of, or participation in a criminal investigation. *See Sanders v. City and County of San Francisco*, 2007 WL 841027, **1 (9th Cir. 2007); *Croft v. Westmoreland County Children and Youth Services*, 103 F.3d 1123, 1125 (3rd Cir. 1997) (noting that a parent does not have a right to remain free from a child abuse investigation); *Graveley v. City of Philadelphia*, 1998 WL 47289, *6 (E.D. Pa. 1998) (holding that "an individual has no right not to be investigated by police for possible violation of an existing law").

Nonetheless, the Ninth Circuit Court of Appeals has recognized the existence of a "due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001). A deliberate-fabrication-of-evidence claim exists where a defendant proceeded with an investigation despite his or her knowledge that the plaintiff was innocent, or where the defendant knew that his or her investigative techniques would produce false information. *Id*. 263 F.3d at 1076.

Brown has at least pled a viable deliberate-fabrication-of-evidence claim in his proposed amended complaint because his theory of recovery is not based solely on Jones's investigation standing alone. Brown's new proposed claim is necessarily tied to Jones's subsequent filing of his Affidavit and Motion as discussed above. Jones allegedly initiated and conducted his own investigation, and his investigation resulted in the Affidavit and Motion that Jones filed. As concluded above, Jones's Affidavit and Motion constitutes a "judicial proceeding" sufficient to at least state a claim for malicious prosecution under Montana law and 42 U.S.C. § 1983. Thus, in substance, Brown alleges he was subjected to malicious prosecution on the basis of false evidence that Jones deliberately fabricated. Taken together, Jones's alleged improper investigation which resulted in his alleged malicious prosecution of Brown are sufficient to support a § 1983 claim under *Devereaux*. Brown's amended pleading is not futile, and his motion will be granted.

## IV.  CONCLUSION

As pled, Brown's Complaint sufficiently alleges that Jones commenced a judicial proceeding against Brown when he filed his Affidavit and Motion for Leave to File Information in state court. The fact that the information was not filed and, thus, a criminal prosecution was not commenced is not fatal to Brown's

claim, and also is not fatal to Brown's proposed amended pleading.[3]  Therefore, the Court hereby enters the following:

### RECOMMENDATION

Jones's Motion for Dismissal or Summary Judgment on Federal Claim lacks merit and should be DENIED.

### ORDER

Brown's Motion for Leave to File First Amended Complaint is GRANTED. Pursuant to L.R. 15.1(a) Brown shall promptly file his First Amended Complaint and Demand for Jury Trial.

DATED this 24th day of April, 2009.

                                      /s/ Jeremiah C. Lynch
                                      Jeremiah C. Lynch
                                      United States Magistrate Judge

---

[3] Jones does not raise, and thus the Court does not address the implications of prosecutorial immunity as they may bear upon this case.