


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SAMUEL E. BROWN,<br><br>Plaintiffs,<br><br>v.<br><br>MARK JONES, individually and as the Granite County Attorney; SUZANNE BROWNING, CLIFFORD NELSON, and MAUREEN CONNOR, individually and as the Board of County Commissioners of Granite County; GRANITE COUNTY, a political subdivision of the State of Montana; and JANE DOES 1-10,<br><br>Defendants. | CV 08-149-M-DWM-JCL<br><br>ORDER |

Plaintiff Samuel E. Brown brought this action pursuant to 42 U.S.C. § 1983, alleging that Mark Jones maliciously prosecuted him in violation of the guarantees of due process, and that Granite County commissioners were complicit in Jones'

unwarranted investigation of Brown. Jones filed a Motion for Dismissal or Summary Judgment, arguing that the Court should dismiss the complaint or grant judgment in favor of Jones because Brown cannot satisfy the first element of a malicious prosecution claim, i.e., that a "judicial proceeding was commenced" against Brown.

Pursuant to 28 U.S.C. § 636(b), the motion was referred to Magistrate Judge Lynch, who issued Findings and Recommendation on April 24, 2009. Judge Lynch recommended denying the motion, reasoning that in light of Montana law governing how the first element of a malicious prosecution claim may be satisfied, Brown's complaint states a claim sufficient to withstand dismissal under Rule 12 Fed. R. Civ. P. Jones timely objected to the Findings and Recommendation on April 30, 2009, and is therefore entitled to *de novo* review of the record. 28 U.S.C. § 636(b)(1). Because the parties are familiar with the factual and procedural background, it will not be restated here.

**I**

**a.**

Jones objects to Judge Lynch's interpretation of what the first element of a malicious prosecution claim requires. Consistent with the law of this Circuit, Judge Lynch looked to the elements of a claim for malicious prosecution under

applicable state law. See Usher v. City of Los Angeles, 828 F.2d 556, 562 (9th Cir. 1987). Under Montana law, a plaintiff bringing a malicious prosecution claim must prove six elements, the first of which is "a judicial proceeding was commenced and prosecuted against the plaintiff." Plouffe v. Montana Dept. Of Public Health and Human Services, 2002 MT 64, ¶ 16. Judge Lynch rejected Jones' argument that because the state district court denied his motion for leave to file an information, no judicial proceeding was ever commenced against Brown. Jones relies on Mont. Code. Ann § 46-11-101, which lists the methods by which a "prosecution may be commenced." Subsection (3) identifies "an information after leave of court has been granted" as one method.

This objection repeats the argument Judge Lynch considered and rejected. Judge Lynch recognized the first element of a malicious prosecution claim requires the commencement of a "judicial proceeding," and not a "prosecution." Noting that the Montana Supreme Court has determined the filing of a complaint in administrative contexts can constitute the commencement of a judicial proceeding, Judge Lynch reasoned that the term "judicial proceeding" is broad enough to capture a motion for leave to file an information, even if the motion is denied. See McGuire v. Armitage, 184 Mont. 407, 411 (1979) (holding that a judicial proceeding may be civil, criminal, or administrative).

Jones argues that "malicious prosecution actions are disfavored in the law," and warns that adopting Judge Lynch's analysis will cause a flood of malicious prosecution claims, because one will be filed every time a prosecutor's motion for leave to file an information is denied, "even though a warrant or summons could never be issued for the defendant's arrest or appearance[.]" This consequentialist reasoning is unpersuasive, and Jones' argument ultimately rests on his assertion that a "judicial proceeding" does not "commence" for purposes of making a malicious prosecution claim where a motion to file an information is denied. This bright-line rule he proposes, however, conflicts with his own assertion that the Court should construe the first element of a malicious prosecution claim based on the "particular context which gave rise to the action."

The original complaint (see dkt # 1) filed in this matter alleges that Jones initiated a criminal investigation against Brown. Compl. at ¶ 12. It alleges Jones informed the county commissioners of the investigation, threatened Brown with criminal prosecution, requested information from other public officials, and interviewed members of Brown's court staff. Compl. at ¶¶ 13, 15. It alleges that Jones filed an affidavit in support of his motion for leave to file an information, and then gave the affidavit to the *Montana Standard* newspaper, which made the investigation of Brown public. Compl. at ¶¶ 17, 18.

It alleges further that Brown retained counsel in light of the allegations made against him. Compl. at ¶ 19. It alleges that after the State Attorney General took over the investigation, eventually moving the district court to deny the motion for leave to file an information, Jones requested the county commissioners to retain an independent prosecutor to pursue the matter and the county commissioners appointed one. Compl. at ¶¶ 20-21. It alleges that Jones continued to investigate Brown despite the Attorney General's instructions to stop, and that Jones continued to make accusations regarding Brown to county and town officials. Compl. at ¶ 22. It alleges that after the Attorney General's office informed Jones that on the basis of its investigation it would not take any further action, Jones later informed Brown by letter that he was again under investigation. Compl. at ¶ 25. It alleges that Jones and the county commissioners continue to make public allegations against Brown. Compl. at ¶ 27.

Contrary to the argument Jones advances in his objections, the complaint does not allege merely that a motion for leave to file an information was denied. Taking the allegations in the complaint as true for the purpose of evaluating whether it withstands a motion to dismiss, see Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the complaint cannot be dismissed for the reason Jones advances, i.e., that it does not state a legally cognizable claim for malicious

prosecution. Evaluating the claim in the context the complaint provides, a "judicial proceeding" was "commenced" against Brown. Whether a malicious prosecution complaint alleging merely that a motion for leave to file an information was denied would survive a motion to dismiss is a legal question to be answered in a case with those facts.

**b.**

Jones argues in his objections that Brown's deliberate-fabrication-of-evidence-claim fails as a matter of law. This issue was not explicitly addressed in the Findings and Recommendation, which concluded that the claim, offered as an amendment to the complaint, was not futile. Judge Lynch accordingly granted Brown's motion to amend the complaint. Because the substantive law on which Judge Lynch based his conclusion that the amendment was not futile controls whether the claim survives a motion to dismiss, the Court will for efficiency's sake address Jones' argument.

Jones' argument here is essentially the same as his argument regarding the first element of a claim for malicious prosecution. He argues that a deliberate-fabrication-of-evidence claim made under 42 U.S.C. § 1983 requires that a criminal prosecution be commenced and prosecuted. He cites several cases suggesting they stand for the rule that deliberate fabrication of evidence must

result in a prosecution or conviction to violate due process. The controlling case in the Ninth Circuit is Devereaux v. Abbey, 263 F.3d 1070 (9th Cir. 2001).

Devereaux does not support the rigid requirement Jones advances as necessary to a deliberate-fabrication-of-evidence claim. Jones focuses on the opinion's statement, "[w]e are persuaded there is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." Id. at 1074-75. It does not follow that this statement sets the outer limit of what may constitute a violation of due process. The court in Devereaux also said,

> [I]n order to support such a claim, [the plaintiff] must, at a minimum, point to evidence that supports at least one of the following two propositions: (1) Defendants continued their investigation of Devereaux despite the fact that they knew or should have known that he was innocent; or (2) Defendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information.

The complaint as amended meets the first requirement. See Amend, Compl. at ¶¶ 14, 16, 17, 22, 24, 25. Whether Brown's complaint can survive further proceedings is yet to be seen. But it survives Jones' motion to dismiss.

**II**

Accordingly,

IT IS HEREBY ORDERED that the Findings and Recommendation (dkt # 34) are adopted in full;

IT IS FURTHER ORDERED that the Motion for Dismissal or Summary Judgment on Federal Claim (dkt #23) is DENIED.

Dated this 21st day of May, 2009.

Donald W. Molloy, District Judge
United States District Court